JAMES WRIGHT

*vs.*

JOHN L. SMITH, HENRY S. DOYEN, trustee, and J. J. PARLIN, claimant.

Somerset. Opinion February 24, 1883.

*Wages. Assignment. Stat. 1876, c. 93. Trustee process.*

Stat. 1876, c. 93, requiring that an assignment of wages shall be recorded in order to be valid against third persons, does not apply to wages that are wholly earned when the assignment is made.

ON EXCEPTIONS.

Trustee process.

This case between the plaintiff and the claimant was submitted to the presiding judge with right to either party to except as to matters of law.

After hearing, the court found and ruled as follows, to wit: "It appears by the disclosure of the alleged trustee that at the time the writ was served upon him he was indebted to the principal defendant, in the sum of thirty-two dollars and eighty cents, as wages for labor previously performed for him. I find that before the service of the plaintiff's writ, the said principal defendant had left the demand with the claimant for collection, and had made to him a verbal assignment of the same for a valuable consideration. That subsequently to said service a written

assignment was made and dated back. The date was intended to correspond with that of the verbal assignment. The assignment was never recorded. Under these facts I rule that the attachment takes precedence of the assignment, and that the trustee be charged for the sum of thirty-two dollars eighty cents, less his taxable costs."

And the claimant alleged exceptions.

*James Wright,* for the plaintiff.

*J. J. Parlin,* for the claimant.

PETERS, J.    Chapter 93, laws of 1876, runs thus : "No assignment of wages shall be valid against any other person than the parties thereto, unless such assignment is recorded by the clerk of the city, town or plantation organized for any purpose in which the assignor is commorant, while earning such wages." The question of this case is, whether the law applies to wages which have been wholly earned when the assignment is made.

At first view that would seem, perhaps, to be the proper construction of the statute. But that could not have been the purpose to be accomplished by it. It must be an inconvenience to a person, to whom wages fully earned are due, if he cannot assign his claim as other claims are assignable. It would add to his inconvenience, if he can never assign such a claim in any mode other than by a recorded writing, in order to make the assignment effectual against all persons. In such case, if he undertakes to assign his claim for wages by drawing a draft or order for them, then, to make the assignment fully valid, the draft or order must be recorded. And such a construction of the act would prevent valid equitable assignments, as such assignments are ordinarily of a nature not possible to be recorded.

. But there was strong reason for the enactment as applicable to wages to be earned, either wholly or partially, upon some engagement for personal work or services. A habit exists in some communities in this state among woodsmen and lumbermen, seamen and other laborers, of giving assignments in advance of earning wages, for their own benefit, and for the use

of their families when absent from them, and for like purposes. To prevent the mischief of double assignments, and the uncertainty of assignments, the statute was passed, requiring them to be in writing and recorded.

The construction which we give the act is aided by the phrase, "while earning *such* wages," the meaning being, while earning the wages that have been assigned. The word "commorant" in the act tends in the same direction. It would be a difficult thing to know, if commorancy and residence were not the same place to the laborer, where to look for an assignment after the service at wages has terminated.

> *Exceptions sustained. Trustee discharged. Claimant's assignment adjudged good.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.